Curia, per

Earle, J.
I very much doubt the propriety of deciding important legal questions in this incidental way upon a rule to show cause ; and also, whether the order of the Circuit Judge was the proper *304 subject of appeal. He directed an indictment to be preferred against tlie defendants, and as they conld not be affected by proceeding, until they were put on their trial, it seems to me that the proper time and mode of making the question on their power to admit to bail, would have been on the trial, and by plea. As the question, however, has been argned here on the appeal, it is thought best to express the opinion of the Court on the subject.
See 11 Rich. 63; Dud. 295. An.
Be Saussure for the motion ; J. B. Edwards, Solicitor, contra,
It would seem to be sufficient for the purpose, to refer to the case of the State vs. Everett & Potter, (Dudley, 295,) and to examine the commitment. The charge is “that the said John Whitecotton did wilfully and feloniously kill and murder the said Hiram Addison." Here is a felony plainly expressed in the warrant of commitment; and is the very exception made by the habeas corpus Act, which excludes a party from the benefit of its provisions. The subject of bail is regulated by English statutes, made of force. The leading statute is Westminster the 1st, c. 15, in the construction whereof it hath been held, that those imprisoned for the death of a man were declared to have been always irreplevisable ; (2 Hawk. P. C. 147,) and there is no statute giving to one or two Justices the power to admit to bail persons declared not to be bailable by the statute.
After an examination of all the statutes, Mr. Sergeant Hawkins says, “that Justices of the Peace have no power to bail any person not replevisable by the above mentioned statute of West. 1, c. 15." And although the Act of Assembly of 1712, (2 Stat. large, 399,) gives power to any two Justices, one to be of the quorum, to execute and put in force the habeas corpus Act, yet, by the provisions of the latter, a person charged with murder, “ a felony, plainly and specially expressed in the warrant of commitment,” is not to be admitted to bail. He is in confinement by a warrant, in the language of the Act, “ for a matter of offence, for the which, by the law the prisoner is not bailable.” If, therefore, the Justices had no express authority by any other Statute or Act, and if the prisoner’s case is excepted out of the provisions of the habeas corpus Act, they were guilty of an escape, in admitting him to bail, and were properly ordered to be indicted.
The Judges of the Court of Common Pleas and Sessions, having all the power of the Court of King’s Bench, may bail in all cases of offence ^According to circumstances ; and this either in term time, or at chambers. They will look into the depositions, and examinations, and into the inquest; and take other evidence, if need be. But this is by virtue of their original and inherent superintending power, and not derived from the habeas corpus Act. Any number of inferior magistrates united, have no such power, and it would be of dangerous tendency to confer it upon them.
While at the bar, I prosecuted an indictment, against two Justices, for admitting to bail one charged with the murder of a slave, and they were convicted and fined.(a)
Motion dismissed,
G-antt, KjciiaRdson, Butler and Evans, JJ., concurred.

 Vide Acts 1839, page 15.